IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JIMMY JAKE HOLT,

    Plaintiff,

  v.                                                                No. CIV 14-0659 JH/WPL

GREGG MARCANTEL,
JOSEPH GARCIA,
PET PEREZ,
MS. PEREZ,
DENISE GONALES,
M. NAVARRO,

    Defendants.

MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, and under 42 U.S.C. § 1997e(c)(1), on Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For reasons set out below, the Court will require Plaintiff to show cause why his complaint should not be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). Furthermore, "No action shall be brought with respect to prison conditions under section 1983 . . .

by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that, over the objections of certain Defendants, Plaintiff asserted a right to remain in prison while serving his term of parole ("in-house" parole). Plaintiff alleges that he made this demand based on an unidentified statute or policy that allows him to refuse release on parole (possibly N.M. Stat. Ann. § 31-21-10(E) (Repl. Pamp. 2010)). Prison officials retaliated against Plaintiff by ordering that he be "written up" every day, issuing false misconduct reports, stopping institutional incentive pay, denying him hygiene supplies, and threatening to classify him to a higher custody level and forfeit his good time credits. The complaint seeks damages.

At two separate points in the complaint, Plaintiff addresses the issue of exhaustion of available administrative remedies. *See* 42 U.S.C. § 1997e(a). On page 9, he alleges that he appealed a disciplinary decision and filed an informal complaint for officers' violation of corrections department policy regarding drug tests. Both of these efforts were initially denied, and Plaintiff received no response when he appealed the initial decisions. On page 4 (CM/ECF p. 21), he answers "No" to the question of whether he has exhausted available administrative remedies. He makes no allegation that he sought administrative relief for officials' retaliation, pretextual write-ups, stopping incentive pay, or denial of hygiene supplies.

Plaintiff may not prosecute claims arising from conditions of his confinement unless he has

exhausted available administrative remedies.  *See* § 1997e(a).  Typically, the issue of non-exhaustion must be raised as an affirmative defense.  *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Here, however, Plaintiff expressly states that he has not exhausted available remedies, although he apparently pursued administrative relief on two issues.  "If it is clear on the face of [the] complaint that [Plaintiff] had not exhausted his administrative remedies, then the district court properly may raise the exhaustion question *sua sponte*, consistent with 42 U.S.C. § 1997e(c)(1) and 28 U.S.C. §§ 1915 and 1915A, and seek additional information from [Plaintiff]."  *Freeman v. Watkins*, 479 F.3d 1257, 1260 (10th Cir. 2007) (citing *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007).

Because Plaintiff states in his complaint that he has not exhausted available administrative remedies, the Court will require him to specifically identify his exhausted claims and provide factual support of exhaustion.  Plaintiff also may withdraw unexhausted claims.  "[W]e have recognized that . . . the failure to exhaust available administrative remedies 'on one claim does not warrant dismissal of the entire action.' "  *Purkey v. CCA Detention Center*, 263 F. App'x 723, 726 (10th Cir. 2008) (citing *Roberts v. Barreras*, 484 F.3d 1236, 1244 (10th Cir. 2007)).  Failure to comply with this Order may result in dismissal of unexhausted claims or the complaint without further notice.

IT IS THEREFORE ORDERED that, within twenty-one (21) days from entry of this Order, Plaintiff may file a response specifically identifying his exhausted claims and providing factual support of exhaustion.

                                                          */s/ William P. Lynch*
                                                          William P. Lynch
                                                          United States Magistrate Judge